**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| RONALD ERIC LOUDEN, JR., | ) | |
| | ) | No.    18 C 5242 |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Judge Jorge L. Alonso |
| | ) | |
| DETECTIVES CARTER AND GUYER OF | ) | Magistrate Judge Maria Valdez |
| THE EVANSTON POLICE DEPARTMENT, | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

Defendants, Kenneth Carter and Mikhail Geyer, by and through one of their attorneys, Victoria R. Benson, Deputy City Attorney, City of Evanston Law Department, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, move to dismiss Plaintiff's Complaint and, in support thereof, hereby state as follows:

**INTRODUCTION**

Plaintiff's Complaint alleges that Defendants used excessive force against him during the course of his June 6, 2018 arrest and unreasonably denied him medical care. *See* Plaintiff's Complaint ("Compl."), ECF No. 11; *see also* Order entered February 11, 2019 ("2/11/19 Order"), ECF No. 10, at 3. Those claims, however, are barred by the doctrine of collateral estoppel as the issues raised in Plaintiff's Complaint have already been decided. Defendants, therefore, request this Honorable Court dismiss Plaintiff's Complaint.

**FACTUAL BACKGROUND**

On June 6, 2018, Plaintiff was approached and ultimately arrested by Defendants. Compl., ECF No. 11, at 4, 8. Plaintiff faced numerous criminal charges arising out of that arrest. *See* Certified Statement of Conviction/Disposition, *People of the State of Illinois v. Ronald E.*

1

*Louden*, Case No. 18 CR 0897501 ("Cert. Conviction"), a copy of which is attached hereto as Exhibit A.[1] On May 14, 2019, Plaintiff pled guilty to one count of unlawful use of a weapon by a felon. *Id.*; *see also* May 14, 2019 Transcript of Proceedings, Case No. 18 CR 0897501 ("5/14/19 Crim. Trans."), a copy of which is attached hereto as Exhibit B.[2] During the plea hearing, the prosecuting attorney gave the factual basis for the plea. 5/14/19 Crim. Trans., Ex. B, at 6:4-8:20. Plaintiff stipulated to the factual basis for his guilty plea. *Id.* at 8:19-20. In doing so, Plaintiff stipulated that he physically resisted being placed in handcuffs and that he was able to get out of the grasp of one of the officers. *Id.* at 7:19-21, 24. Plaintiff also stipulated that these actions led Defendant Carter to use his taser. *Id.* at 7:19-8:4. Additionally, Plaintiff stipulated that an ambulance was called for Plaintiff's injuries. *Id.* at 8:7-8. During the plea hearing, the Court held that a factual basis existed for Plaintiff's guilty plea and accepted that plea. *Id.* at 8:21-9:1.

## LEGAL STANDARD

A Rule 12(b)(6) motion challenges the sufficiency of the complaint. *Hallinan v. Fraternal Order of Police of Chi. Lodge No. 7*, 570 F.3d 811, 820 (7th Cir. 2009). When weighing a Rule 12(b)(6) motion, the court must accept all "factual allegations as true, and must draw all reasonable inferences in the plaintiff's favor." *See Virnich v. Vorwald*, 664 F.3d 206, 212 (7th Cir. 2011); *see also Ashcroft v. Iqbal*, 550 U.S. 544, 570 (2009).

A dismissal under Rule 12(b)(6) is appropriate when the complaint itself fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). This can occur when "the

---

[1] The court may take judicial notice of the state court's docket. *See Adkins v. VIM Recycling, Inc.*, 644 F.3d 483, 493 (7th Cir. 2011) (courts may take judicial notice of matters in the public record without converting a Rule 12(b)(6) motion into a motion for summary judgment); *In re Salem*, 465 F.3d 767, 771 (7th Cir. 2006) (courts may take judicial notice of court dockets and opinions).
[2] The court may take judicial notice of the state court's May 14, 2019 proceedings. *See Adkins*, 644 F.3d at 493 (courts may take judicial notice of matters in the public record without converting a Rule 12(b)(6) motion into a motion for summary judgment); *In re Salem*, 465 F.3d at 771 (courts may take judicial notice of court dockets and opinions); *Stewart v. Anderson*, No. 00 CV 3056, 2000 WL 1741885, at *3 (N.D. Ill. Nov. 24, 2000) (court may take judicial notice of transcript of motion to suppress hearing).

complaint itself sets forth everything necessary to satisfy the affirmative defenses" a party then asserts. *United States v. Lewis*, 411 F.3d 838, 842 (7th Cir. 2005); *Leavell v. Kieffer*, 189 F.3d 492, 495 (7th Cir. 1999). In other words, a dismissal under Rule 12(b)(6) on the basis of an affirmative defense is warranted when a plaintiff pleads himself out of court, such as when all of the facts relevant to a defendant's collateral estoppel defense are ascertainable from the complaint and judicially noticeable records. *See New West v. City of Joliet,* No. 05 CV 1743, 2017 WL 6540046, at *2 (N.D. Ill. Aug. 14, 2017).

## ARGUMENT

**The doctrine of collateral estoppel bars Plaintiff's claims against Defendants.**

Plaintiff alleges Defendants used excessive force during the course of his June 6, 2018 arrest. Compl. at 4-5, 7-8. Plaintiff also alleges Defendants unreasonably denied him medical care. *Id.* However, under the doctrine of collateral estoppel, the stipulations Plaintiff made during his plea hearing bar Plaintiff from proceeding with those claims. Plaintiff's Complaint should, therefore, be dismissed.

Collateral estoppel requires that "once an issue is actually and necessarily determined by a court of competent jurisdiction, that determination is conclusive in subsequent suits based on a different cause of action involving a party to the prior litigation." *Carter v. Commissioner of Internal Revenue*, 746 F.3d 318, 321 (7th Cir. 2014) (quoting *Montana v. United States*, 440 U.S. 147, 153 (1979)). "By preventing parties 'from contesting matters that they have had a full and fair opportunity to litigate,' the doctrine 'protects their adversaries from the expense and vexation attending multiple lawsuits, converses judicial resources, and fosters reliance on judicial action by minimizing the possibility of inconsistent decisions.'" *Doe v. Cotterman*, No.

17 CV 58, 2018 WL 1235014, at *8 (N.D. Ill. Mar. 9, 2018) (quoting *Montana*, 440 U.S. at 153-54).

Illinois law governs whether Plaintiff's guilty plea in his state court case bars him from challenging his admissions in his § 1983 case. *See Wells v. Coker*, 707 F.3d 756, 761 (7th Cir. 2013) (citing *Brown v. City of Chicago*, 599 F.3d 772, 774 (7th Cir. 2010)). For collateral estoppel to apply, three requirements must be met: (1) the issue decided in the prior adjudication must be identical with the one presented in the suit in question; (2) there must have been a final judgment on the merits in the prior adjudication; and (3) the party against whom estoppel is asserted must have been a party or in privity with a party to the prior adjudication. *Am. Family Mut. Ins. Co. v. Savickas*, 193 Ill. 2d 378, 387–88, 739 N.E.2d 445, 451 (2000). "What matters for purposes of collateral estoppel is that the non-moving party had the opportunity to litigate the issue in the prior proceeding." *Cotterman*, No. 17 CV 58, 2018 WL 1235014, at *9. In other words, collateral estoppel can be based on a plea agreement. *Johnson v. Reiter*, No. 14 CV 1522, 2015 WL 6674531, at *7 (N.D. Ill. Oct. 30, 2015) (citing *In re Complaint of Am. River Transp Co.*, 712 F. Supp. 2d 735, 740 (N.D. Ill. 2010) (applying Illinois law and finding that the driver of a speedboat was collaterally estopped from claiming he was not under the influence of alcohol at the time of an accident because he pled guilty to an indictment charging him with operating a watercraft while under the influence of alcohol); *Talarico v. Dunlap*, 177 Ill. 2d 185, 193, 685 N.E.2d 325, 329–330 (Ill. 1997) (discussing collateral estoppel in the context of an individual who entered a plea in his underlying criminal case)).

Here, all of the threshold requirements are met. A final judgment was entered in the criminal proceedings to which Plaintiff was a party based upon the stipulated factual basis. The issues here—whether Defendants used excessive force and denied Plaintiff medical care—were

included in the stipulated factual basis for the Court's entry of judgment against Plaintiff. 5/14/19 Crim. Trans., Ex. B, at 7:19-8:4, 7-8, 8:21-9:4. As a result, a decision was made that Plaintiff resisted arrest giving rise to the use of force necessary to gain control of Plaintiff and that Plaintiff was, thereafter, provided medical care. *Id.* Plaintiff certainly had a full and fair opportunity to litigate the issues relevant to his criminal charges. Plaintiff, instead, chose to waive his right to a jury trial and plead guilty to unlawful use of a weapon by a felon based on the facts presented by the prosecution. *Id.* at 3:16-22, 4:2-22, 5:21-6:3. Because the issues raised in Plaintiff's Complaint have already been determined, Plaintiff's claims are barred by the doctrine of collateral estoppel. Plaintiff's Complaint should, therefore, be dismissed.

## CONCLUSION

Plaintiff alleges Defendants used excessive force against him and denied him medical care. Compl., ECF No. 11. However, the stipulations Plaintiff made during his plea hearing bar him from proceeding with those claims. Plaintiff stipulated that his physical resistance led to the officers' use of force. 5/14/19 Crim. Trans., Ex. B, at 7:19-8:4. Plaintiff also stipulated that an ambulance was called for his injuries. *Id.* at 8:7-8. These stipulations, which the criminal court accepted and made part of its judgment, are identical to the issues Plaintiff raises in his Complaint. In other words, it has been determined in Plaintiff's underlying criminal case that any force used by Defendants was not excessive and that Defendants provided Plaintiff adequate medical care. Plaintiff's Complaint should, therefore, be dismissed.

WHEREFORE, Defendants, Kenneth Carter and Mikhail Geyer, respectfully request this Honorable Court grant their Motion to Dismiss Plaintiff's Complaint and for any such other and further relief this Court deems appropriate.

Respectfully Submitted,

/s/ Victoria R. Benson
Victoria R. Benson, Deputy City Attorney
One of the Attorneys for Defendants

Victoria R. Benson, Deputy City Attorney (vbenson@cityofevanston.org)
Alexandra B. Ruggie, Assistant City Attorney (aruggie@cityofevanston.org)
City of Evanston, Law Department
2100 Ridge Avenue, Suite 4400
Evanston, Illinois 60201
(847) 866-2937
law@cityofevanston.org