# EXHIBIT B

*Louden v. Carter, et al.*
Case No. 18 CV 5242

Defendants' Motion to Dismiss Plaintiff's Complaint

```
 1    STATE OF ILLINOIS    )
                           ) SS.
 2    COUNTY OF C O O K    )

 3      IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
              COUNTY DEPARTMENT-CRIMINAL DIVISION
 4                SECOND MUNICIPAL DISTRICT

 5    THE PEOPLE OF THE          )
      STATE OF ILLINOIS,         )
 6                               )
                  Plaintiff,     )
 7                               )
        -vs-                     ) No. 18 CR 0897501
 8                               )
      RONALD E. LOUDEN,          )
 9                               )
                  Defendant.     )
10

11            REPORT OF PROCEEDINGS had at the
      hearing of the above-entitled cause before the
12    Honorable Aleksandra Nikolich Gillespie, on the
      14th day of May, 2019.
13
              APPEARANCES:
14
              HON. KIMBERLY M. FOXX,
15            State's Attorney of Cook County,
              BY: MS. PATRICIA BERLINSKY,
16            Assistant State's Attorney,
              on behalf of the People of the
17            State of Illinois;

18            MS. AMY P. CAMPANELLI,
              Public Defender of Cook County,
19            BY: MR. RICHARD FADELL,
              Assistant Public Defender,
20            on behalf of the Defendant.

21

22    Michele A. Amabile, CSR No. 084-004055
      Official Court Reporter
23    5600 Old Orchard Road, Room 204F
      Skokie, Illinois  60077
24    (847)470-7290
```

—1—

| | |
|---|---|
| 1 | THE CLERK: Robert Louden. |
| 2 | THE COURT: Counsel, for the record. |
| 3 | MR. FADELL: Good morning, Your Honor. |
| 4 | Assistant Public Defender Rick Fadell on behalf |
| 5 | of Ronald Louden who is before you in custody. |
| 6 | Judge, with your approval Mr. Louden |
| 7 | wishes to enter a plea of guilty to Count 19 |
| 8 | and accept the offer of four years in the |
| 9 | Illinois Department of Corrections with 342 |
| 10 | days credit. |
| 11 | THE COURT: All right. Mr. Louden, the |
| 12 | State has made this offer. Do you wish to |
| 13 | accept the offer? |
| 14 | THE DEFENDANT: Yes, ma'am. |
| 15 | THE COURT: All right. State, do you have a |
| 16 | motion as to Counts 1, 2, 3, 4, 5, 6, 7, 8, 9, |
| 17 | 10, 11, 12, 13, 14, 15, 16, 17, 18, 20, 21, 22, |
| 18 | 23, 24, 25, 26, 27, 28, 29, 30, 31 and 32? |
| 19 | MS. BERLINSKY: Yes, Judge. As part of the |
| 20 | plea, those counts would be Motion State nolle |
| 21 | pros. And I did have a chance to talk to the |
| 22 | complaining witness on Count 11, as well as the |
| 23 | other police officers concerning dismissal of |
| 24 | those counts. |

1       THE COURT:  All right.  So all those counts
2  will be dismissed.
3       Mr. Louden, do you understand that you
4  are now charged with unlawful use or possession
5  of a weapon by a felon.  In that, on the date
6  of June the 6th of 2018 in Cook County, you
7  knowingly possessed on or about your person a
8  firearm, to wit, a handgun after having been
9  previously convicted of the felony offense of a
10 possession of a controlled substance with the
11 intent to deliver within one thousand feet of a
12 school under case number 97 CR 1977001.
13      Do you understand what you are charged
14 with?
15    THE DEFENDANT:  Yes, ma'am.
16    THE COURT:  And how do you plead to that,
17 guilty or not guilty?
18    THE DEFENDANT:  Guilty.
19    THE COURT:  Do you understand that you have
20 a right plead not guilty and have a trial in
21 front of a jury or a judge?
22    THE DEFENDANT:  Yes, ma'am.
23    THE COURT:  Do you understand what a jury
24 trial is?

---3---

```
 1          THE DEFENDANT:  Yes, ma'am.
 2          THE COURT:  I have in my hand a jury waiver.
 3     In the middle of the piece of paper here; is
 4     that your signature?
 5          THE DEFENDANT:  Yes, ma'am.
 6          THE COURT:  Do you understand that by
 7     signing this and giving it to the Court, you're
 8     telling the Court that you do not want a jury
 9     trial?
10          THE DEFENDANT:  Yes.
11          THE COURT:  Do you understand you won't have
12     any type of a trial even one in front of a
13     judge?
14          THE DEFENDANT:  Yes.
15          THE COURT:  Do you understand that you will
16     not have the ability to see and hear the
17     witnesses that would testify against you, to
18     ask them questions, to call your own witnesses,
19     or to remain silent and say nothing and have
20     the State prove you guilty beyond a reasonable
21     doubt?
22          THE DEFENDANT:  Yes, ma'am.
23          THE COURT:  How old are you?
24          THE DEFENDANT:  40.
```

```
 1            THE COURT:  And are you under the influence
 2    of any drugs or alcohol right now?
 3            THE DEFENDANT:  No, just psychiatric
 4    medication.
 5            THE COURT:  And you took those today?
 6            THE DEFENDANT:  Last night.
 7            THE COURT:  All right.  And are you a
 8    citizen of the United States?
 9            THE DEFENDANT:  Yes, ma'am.
10            THE COURT:  Do you understand, sir, that
11    this is a Class 3 offense punishable by up to
12    two to five years in the Illinois Department of
13    Corrections; but because of your background, up
14    to ten years in the Illinois Department of
15    Corrections, a $25,000 fine, and one year of
16    mandatory supervised release formally known as
17    parole.
18            Do you understand the most that you can
19    get on this case?
20            THE DEFENDANT:  Yes, ma'am.
21            THE COURT:  Has anybody forced you,
22    threatened you, or promised you anything to get
23    you to plead guilty?
24            THE DEFENDANT:  No.
```

1    THE COURT: Are you pleading guilty of your
2    free will?
3    THE DEFENDANT: Yes.
4    THE COURT: State, factual basis.
5    MS. BERLINSKY: Judge, if called to testify
6    under oath at trial, Evanston Police Officer
7    Carter, then star 130, would testify that on
8    June 6, 2018 in the evening hours he was
9    working and employed by the Evanston Police
10   Department. And he and his partner had
11   received information from a confidential
12   informant concerning a defendant -- the
13   defendant, being specifically named by the
14   confidential informant, information that the
15   defendant was in possession of a handgun with
16   an extended magazine standing by a white Lexus
17   at the rear of 2024 Wesley Avenue, Evanston,
18   Illinois, Cook County.
19        That the officers immediately relocated
20   to that location and observed the defendant,
21   whom they would identify in open court,
22   standing by a vehicle, that vehicle being the
23   same make and model and type as described by
24   the confidential informant.

```
 1            The officer would further testify he has
 2      had prior interactions with this defendant and
 3      knew him by name.  That when they arrived on
 4      scene, that the officer observed the defendant
 5      place an object into the vehicle through an
 6      open front passenger window.  That when
 7      officers approached, the defendant began to
 8      block that window and appeared very nervous.
 9      As officers spoke with the defendant, the
10      defendant started to indicate that he was going
11      to die and called, using his cell phone, 911.
12            The officers then tried verbally to get
13      the defendant to move away from the open window
14      and then tried to physically move him.  And as
15      the officers tried to diffuse the situation,
16      they had concern because the defendant kept
17      stating that he was going to die, and that the
18      defendant would not move away from the window.
19           Officers then tried to place handcuffs
20      on the defendant.  The defendant stiffened up
21      his body and tried to keep his arms straight.
22      Officer Carter numerous times told this
23      defendant that he was going to be tased.  The
24      defendant did ultimately get his hands free at
```

—7—

```
 1     which point the officers deployed their taser
 2     and tased the defendant who fell and hit his
 3     mouth on a concrete parking barrier and
 4     appeared to be injured.  Officers did recover
 5     from that car in the front passenger side a
 6     loaded .9 millimeter handgun, as well as some
 7     cannabis.  An ambulance was called for the
 8     defendant for his injuries.
 9          Further the evidence would show that the
10     defendant has a prior felony conviction for
11     possession of a controlled substance with
12     intent to deliver within one thousand feet of a
13     school under case number 97 CR 1977001.  And
14     further that the defendant's most recent -- one
15     of the defendant's priors includes a Class 3
16     under case number 16 C2 20487, which makes the
17     current case extendable as that was within the
18     last ten years.  So stipulated?
19          MR. FADELL:  Yes, Judge, stipulate that's
20     what the State's evidence would show.
21          THE COURT:  Let the record reflect the
22     defendant understands the charges, the possible
23     penalties, that the plea is free and voluntary,
24     that a factual basis exists for the plea and
```

```
 1    the plea will be accepted.  There will be a
 2    finding of guilty as to the charge of unlawful
 3    use of a weapon by a felon and judgment will be
 4    entered upon that conviction.
 5         Sir, did you have a chance to talk to
 6    your attorney about what a presentence
 7    investigation was?
 8         THE DEFENDANT:  Yes.
 9         THE COURT:  All right.  I have in my hand a
10    presentence investigation waiver.  Is that your
11    signature at the bottom of this piece of paper?
12         THE DEFENDANT:  Yes.
13         THE COURT:  And, sir, do you understand that
14    by signing this, you're telling the Court that
15    you do not want to have a presentence
16    investigation?
17         THE DEFENDANT:  Yes.
18         THE COURT:  Any aggravation or mitigation?
19         MS. BERLINSKY:  State would rest on the
20    agreement.
21         MR. FADELL:  Nothing, Your Honor.
22         THE COURT:  Sir, is there anything you'd
23    like to say before I impose sentence?
24         THE DEFENDANT:  No, ma'am.
```

—9—

```
 1          THE COURT: Okay. Sir, you'll be sentenced
 2     to four years in the Illinois Department of
 3     Corrections, there will be mandatory fees and
 4     costs in the amount of $549, and one year of
 5     mandatory supervised release, credit for 342
 6     days spent in Cook County House of Corrections,
 7     quash all warrants.
 8          Finally, sir, you have the right to
 9     appeal. However, before you can appeal my
10     decision, you must file with the Clerk of the
11     Court a written motion to reconsider the
12     sentence if only the sentence is being
13     challenged, or if the plea of guilty is being
14     challenged, a motion to withdraw your plea of
15     guilty and vacate the judgment. In that motion
16     you must state all the reasons why you want to
17     withdraw your plea of guilty, or all the
18     reasons why your sentence should be modified.
19     If I granted your motion to reconsider your
20     sentence, I would conduct a new sentencing
21     hearing. If I granted your motion to withdraw
22     your guilty plea, I would set your guilty plea
23     aside and set your case for trial. Any charges
24     that were dismissed as a part of this plea
```

```
 1    agreement would be reinstated at the State's
 2    request and also set for trial.
 3           If I denied your motion, then you'll
 4    have 30 days from the date of that denial to
 5    file a written notice of appeal.  Any issue or
 6    claim of error not raised in the motion to
 7    reconsider the sentence or the motion to
 8    withdraw your guilty plea, however, would be
 9    waived for appellate purposes.
10           And if you could not afford an attorney
11    or the transcript for the motions or the
12    appeal, they would be provided to you free of
13    cost.  Do you understand?
14       THE DEFENDANT:  Yes.
15       THE COURT:  All right.  Good luck to you,
16    sir.  Mitt to issue.
17       THE DEFENDANT:  Thank you.
18       MR. FADELL:  Thank you, very much.
19                WHICH WERE ALL THE PROCEEDINGS
20                HAD AT THE HEARING OF THE
21                ABOVE-ENTITLED CAUSE.
22                     --oOo--
23
24
```

---11---

```
1    STATE OF ILLINOIS   )
                         )  SS.
2    COUNTY OF C O O K   )

3
        IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
4             COUNTY DEPARTMENT-CRIMINAL DIVISION

5

6          I, MICHELE A. AMABILE, Official Court

7    Reporter of the Circuit Court of Cook County, County

8    Department, Criminal Division, do hereby certify that

9    I reported in machine shorthand the proceedings had

10   in the hearing of the above-entitled cause; that I

11   thereafter caused to be transcribed into typewriting

12   the above Report of Proceedings which I hereby

13   certify is a true and correct transcript of the

14   proceedings had on the hearing of the Defendant

15   before the Honorable Judge of this Court.

16
                _____
17
                    [signature: Michele A. Amabile]
18

19              Official Court Reporter of the
                Circuit Court of Cook County,
20              Criminal Division

21

22

23   Dated this __31st__ day of

24
     _May_, 2019.
```

---12---