IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| Ronald Eric Louden Jr. (K-59775), | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 18 C 5242 |
| v. | ) | |
| | ) | Judge Jorge L. Alonso |
| | ) | |
| Carter, et al., | ) | |
| | ) | |
| Defendants. | ) | |

### ORDER

Defendants' Motion to Dismiss [24] is denied. Status remains set for 11/5/19 at 10:15 a.m.

### STATEMENT

Plaintiff Ronald Eric Louden, Jr., currently an Illinois state prisoner, brings this *pro se* civil rights action pursuant to 42 U.S.C. § 1983, regarding the alleged use of excessive force by City of Evanston police officers during his June 8, 2018 arrest.

Plaintiff alleged the following in his complaint. On June 6, 2018, Plaintiff was outside grilling at a home in Evanston, Illinois. (Dkt. 11, pg. 4.) He was doing nothing illegal. (*Id.*) Evanston police officers Carter and Guyer saw Plaintiff and "aggressively" approached Plaintiff with their hands on their service revolvers. (*Id.*) Other officers followed, doing the same. (*Id.*) Plaintiff had no shirt on, and no bulging pockets; because he feared for his life, "he reached into his vehicle and called 911." (*Id.*) Officer Carter tried to grab Plaintiff's phone and pushed Plaintiff against the vehicle. (*Id.*, pg. 5.) Plaintiff asked if they had a warrant or if someone had called the police, and the officers said "no." (*Id.*) The officers "forcefully" handcuffed Plaintiff behind the back. (*Id.*) They twisted Plaintiff's arm and cut off blood circulation in his right arm. (*Id.*) The officers then picked Plaintiff "off his feet" and threw him to the ground. (*Id.*, pg. 7.) He landed face first on a parking block, severely injuring his face, mouth, and front teeth. (*Id.*) His front left tooth was "more than half broken," and his right front tooth was broken to the root. (*Id.*) A piece of his lip "had to be cut because it was hanging out his mouth." (*Id.*) Plaintiff passed out, and then woke up still on the ground with officers holding him down on his stomach, some with their feet. (*Id.*) Plaintiff screamed and "lashed out in agony," at which point the officers tased him. (*Id.*) The officers placed a spit mask over his face; Plaintiff could not breath because he was bleeding from his nose and mouth. (*Id.*) Plaintiff was placed in an ambulance and taken to North Shore Hospital. (*Id.*) While in the ambulance, the officers searched Plaintiff for drugs and did not find any. (*Id.*, pg. 8.) They squeezed Plaintiff's testicles and choked him. (*Id.*) At North Shore Hospital, Plaintiff was sedated by nurses and doctors. (*Id.*) Plaintiff later learned that the nurses and doctors "looked the other way" while the Evanston Police Department "treated [Plaintiff] like an animal." (*Id.*) Plaintiff's injuries required surgery, but none was performed. (*Id.*) Plaintiff

then spent two days at the Evanston Police Department with open wounds on his mouth, back and shoulders. (*Id.*) His wounds became infected because North Shore Hospital did not cover them in bandages. (*Id.*) After two days of "investigation," Plaintiff was then "charged" and transferred to the custody of the Cook County Department of Corrections. (*Id.*)

Based on these allegations, the Court, on February 11, 2019, allowed Plaintiff to proceed on Fourth Amendment claims of excessive force and denial of medical care against Officers Carter and Guyer. (Dkt. 10.)

On May 14, 2019, Plaintiff pleaded guilty to one count of unlawful use of a weapon by a felon. (Dkt. 24, pg. 2.) Subsequently, on June 27, 2019, Defendants moved to dismiss the complaint under the doctrine of collateral estoppel. (Dkt. 24.) Defendants contend that upon pleading guilty to the weapons charge, Plaintiff stipulated to a set of facts, which included that he physically resisted being placed in handcuffs and that these actions led Defendant Carter to use his taser. (*Id.*, pg. 2.) Specifically, Plaintiff stipulated that:

> The officers then tried verbally to get the defendant to move away from the open window and then tried to physically move him. And as the officers tried to diffuse the situation, they had concern because the defendant kept stating that he was going to die, and that the defendant would not move away from the window.
>
> Officers then tried to place handcuffs on the defendant. The defendant stiffened up his body and tried to keep his arms straight. Officer Carter numerous times told this defendant that he was going to be tased. The defendant did ultimately get his hands free at which point the officers deployed their taser and tased the defendant who fell and hit his mouth on a concrete parking barrier and appeared to be injured. Officers did recover from that car in the front passenger side a loaded .9 millimeter handgun, as well as cannabis. An ambulance was called for the defendant for his injuries.

(Dkt. 24, pg. 8-9.) Defendants argue that Plaintiff's stipulation to the factual basis of the guilty plea precludes – under the doctrine of collateral estoppel – his claims in this lawsuit. (*Id.*, pg. 3-5.) Plaintiff has responded. (Dkt. 27.)

Issue preclusion, also known as collateral estoppel, is an affirmative defense, Fed. R. Civ. P. 8(c), and, as such, is generally more appropriately resolved after the pleading stage. *Parungao v. Cmty. Health Sys.*, Inc., 858 F.3d 452, 457 (7th Cir. 2017) (considering affirmative defense of res judicata). "But when it is 'clear from the face of the complaint, and matters of which the court may take judicial notice, that the plaintiff's claims are barred as a matter of law,' dismissal is appropriate." *Id*. (citations and footnote omitted).

In determining the preclusive effect of an Illinois proceeding, this Court applies Illinois law. *Id*. at 356-57. "Under Illinois law, '[c]ollateral estoppel may be applied when the issue decided in the prior adjudication is identical with the one presented in the current action, there was a final judgment on the merits in the prior adjudication, and the party against whom estoppel is asserted was a party to . . . the prior adjudication.'" *Id*. at 357 (quoting *Du Page Forklift Serv., Inc. v. Material Handling Servs., Inc.*, 744 N.E.2d 845, 849 (Ill. 2001)). In addition to these

threshold requirements, a court should also satisfy itself that "no unfairness will result to the party sought to be estopped," that is, the party must have had "a full and fair opportunity to present his case" and an "incentive to litigate." *Id.* (quoting *Am. Family Mut. Ins. Co. v. Savickas*, 739 N.E.2d 445, 451 (Ill. 2000)).

Here, even assuming for the sake of argument that all the other elements for collateral estoppel are met, the first element is not: the issues decided at the plea hearing are not identical to those at issue in this lawsuit. Although Plaintiff stipulated to resisting at one point in time – prior to being placed in handcuffs – he did not stipulate to resisting at any other times. His complaint, however, alleges that force was deployed against him once he was on the ground and even once he was in the ambulance. The guilty plea stipulation contains no facts (aside from that an ambulance was called) as to what happened after Plaintiff fell to the ground. More importantly, though, even were Plaintiff resisting, neither the question of the reasonableness of Defendants' conduct in response to Plaintiff, nor whether their conduct exceeded the bounds of their authority, were ever litigated in the criminal proceedings.

Caselaw from the "*Heck* bar" context is instructive here. The Supreme Court's decision in *Heck v. Humphrey*, 512 U.S. 477 (1994), bars actions for damages where a "judgment in favor of the [prisoner] would necessarily imply the invalidity of his . . . sentence" or conviction. *Id.* at 486-87. The Seventh Circuit has held many times that an excessive force claim is not necessarily inconsistent with a conviction for resisting arrest, even if an individual has resisted arrest earlier in the course of his encounter with police. *See, e.g., Evans v. Poskon*, 603 F.3d 362, 364 (7th Cir. 2010). The Seventh Circuit has explained that a plaintiff does not collaterally attack his conviction for resisting arrest by arguing that he "suffered unnecessary injuries because [the officer's] response to his resistance ... was not, under the law governing excessive use of force, objectively reasonable." *Van Gilder v. Baker*, 435 F.3d 689, 692 (7th Cir. 2006) ("Were we to uphold the application of *Heck* in this case, it would imply that once a person resists law enforcement, he has invited the police to inflict any reaction or retribution they choose, while forfeiting the right to sue for damages."). In *Brengettcy v. Horton*, 423 F.3d 674, 683 (7th Cir. 2005), for example, the plaintiff filed a § 1983 claim of excessive force after he had been convicted of battery of a peace officer. The plaintiff alleged that he was unreasonably beaten after he struck the officer. *Id.* at 677-78. Success on such a claim "d[id] not undermine Brengettcy's conviction or punishment for his own acts of aggravated battery." *Id.* at 683 (citing *Wilkinson v. Dotson*, 544 U.S. 74 (2005)). A similar claim was not *Heck*-barred in *Hardrick v. City of Bolingbrook*, 522 F.3d 758, 762 (7th Cir. 2008). In *Hardrick*, the plaintiff had pleaded guilty to resisting a police officer by "struggl[ing] while being handcuffed," 522 F.3d at 760, and the Seventh Circuit distinguished between the officers' use of force before and after the handcuffing:

> . . . the fact that Hardrick struggled while being handcuffed at one point in time does not preclude the possibility that at another point in time [he] was peaceably waiting to be handcuffed.

*Id.* at 764 (internal quotations omitted); *see also Evans,* 603 F.3d at 364 (a § 1983 plaintiff who had been convicted of resisting arrest could proceed with civil rights claim that officers used excessive force after subduing him); *Boothe v. Sherman*, No. 13 C 7228, 2016 WL 3125005, at *6 (N.D. Ill. June 3, 2016) (collecting cases holding that *Heck* does not bar all excessive force claims because plaintiff who resists arrest can behave peacefully at another time).

3

Although the question here is not whether this lawsuit undermines Plaintiff's conviction (which was for weapon possession, not resisting arrest), the teachings of these cases still applies: an admission to resisting arrest is not necessarily a determination that an officer's use of force was reasonable in response. The latter, distinct, issue was not litigated during Plaintiff's criminal proceedings. Collateral estoppel therefore does not bar this action.

Accordingly, Defendants' motion to dismiss is denied.

Date: 10/28/2019

_____
Jorge L. Alonso
United States District Judge