IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| RONALD ERIC LOUDEN, JR., | ) | |
| | ) | No.   18 C 5242 |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Judge Jorge L. Alonso |
| | ) | |
| DETECTIVES CARTER AND GEYER OF | ) | Magistrate Judge Beth Jantz |
| THE EVANSTON POLICE DEPARTMENT, | ) | |
| | ) | |
| Defendants. | ) | |

### DEFENDANTS CARTER, GEYER AND CITY OF EVANSTON'S
### MOTION TO DISMISS
### PLAINTIFF'S AMENDED COMPLAINT

Defendants, KENNETH CARTER, MIKHAIL GEYER and the CITY OF EVANSTON, a municipal corporation (hereafter "the City"), by its attorney NICHOLAS E. CUMMINGS, Corporation Counsel, and through one of his assistants, Alexandra Ruggie, Assistant City Attorney moves this Honorable Court to dismiss the Plaintiff's Complaint against Defendant failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6). In support thereof, Defendant states as follows:

### INTRODUCTION

On July 31, 2018, Plaintiff filed his original Complaint against several parties, including Defendants. Dkt. 1. Defendants moved to dismiss Plaintiff's original Complaint, on June 27, 2019, which this court denied on October 28, 2019. Dkt. 31. In denying Defendants' motion, this court reiterated its ruling pursuant to 28 USC § 1915A: Plaintiff stated colorable claims for excessive force and denial of medical care against Defendants. Dkts. 10; 31. After several delays, including a global pandemic that shuttered courts across the country, Plaintiff retained counsel in March of 2021. Dkt. 83, 84. On April 20, 2021, Plaintiff filed his First Amended

1

Complaint ("Plaintiff's Complaint") after conferring with Defense counsel. Dkt. 93. Plaintiff's Amended Complaint should be dismissed for several reasons.

First, Count I of Plaintiff's Complaint is barred by judicial estoppel[1]. The allegations contained in Plaintiff's Complaint in support of his claim of excessive force are contradictory to the factual basis of his criminal plea agreement. Plaintiff is married to the facts of his plea until his conviction is overturned. Additionally, Defendants would be entitled to qualified immunity on the factual basis of Plaintiff's plea agreement.

Secondly, Count II of Plaintiff's Complaint purports to allege a claim of false arrest in violation of the Fourth Amendment of the United States Constitution. Plaintiff pleaded guilty to unlawful use of a weapon by a felon in May, 2019. *See* Dkt. 24-1. Similar to Count I, the facts alleged in Plaintiff's Complaint are inconsistent with the facts contained in his plea and therefore "imply the invalidity" of this conviction. *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). Therefore, Count II should be dismissed.

Next, Plaintiff fails to allege sufficient facts to support a conspiracy claim, and the factual allegations contained in the complaint belie a claim for "inadequate" medical care. (Count IV). Plaintiff's Complaint is chock full of conclusory statements long since proscribed by the Supreme Court as inadequate under Rule 8, with Counts III and IV the worst offenders. Accordingly, they should be dismissed.

Finally, counts V and VI of Plaintiff's Complaint allege state law claims of Battery and Intentional Infliction of Emotional Distress. These claims should be dismissed for lack of jurisdiction; absent viable claims giving rise to a federal question, this court should decline to exercise supplemental jurisdiction over the state tort law claims. Regardless, these claims are

---

[1] Defendants argued collateral estoppel in their first motion to dismiss. Dkt. 24.

barred by the Local Governmental and Local Governmental Tort Immunity Act ("Tort Immunity Act") and should be dismissed.

## STANDARD OF REVIEW

In reviewing the sufficiency of a complaint, a district court must accept all *well-plead* facts as true and draw all *permissible* inferences in favor of the plaintiff. *Agnew v. Nat'l Collegiate Athletic Ass'n*, 683 F.3d 328, 334 (7th Cir. 2012) (emphasis added). The Federal Rules of Civil Procedure require a complaint provide the defendant with "fair notice of what the…claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The Supreme Court has described this standard as requiring a complaint to "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). A complaint falls short of the plausibility standard where plaintiff "pleads facts that are 'merely consistent with' a defendant's liability . . ." *Twombly*, 550 U.S. at 557. A plaintiff is not required to make "detailed factual allegations," but there must be more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citations omitted). However, "legal conclusions and conclusory allegations merely reciting the elements of the claim are not entitled to this presumption of truth," *McCauley v. City of Chicago*, 671 F.3d 611, 616 (7th Cir. 2011) (citing *Iqbal*, 556 U.S. at 678), nor should a court "strain to find inferences favorable to plaintiffs" or accept unreasonable inferences. *Caldwell v. City of Elwood, Ind.,* 959 F.2d 670, 673 (7th Cir. 1992).

**ARGUMENT**

I. **COUNT I OF PLAINTIFF'S COMPLAINT SHOULD BE DISMISSED.**

    a. **Count I of Plaintiff's Complaint is barred by the doctrine of judicial estoppel.**

"The doctrine of judicial estoppel prevents a party from prevailing on an argument in an earlier matter and then relying on a contradictory argument to prevail in a subsequent matter." *Wells v. Coker*, 707 F.3d 756, 760 (7th Cir. 2013) (citing *New Hampshire v. Maine*, 532 U.S. 742, 749 (2001)). In determining whether judicial estoppel applies, the court must examine three factors: 1) whether the party's position in the two litigations is clearly inconsistent; 2) whether the party successfully persuaded a court to accept its earlier position; and 3) whether the party would derive an unfair advantage if not judicially estopped. *Id*. Furthermore, "to qualify as a judicial admission, a statement…must be 'deliberate, clear and unambiguous.'" *Id*. (quoting *Robinson v. McNeil Consumer Healthcare*, 615 F.3d 861, 872 (7th Cir. 2010)). The court may take judicial notice of matters of public record, including public court documents, *see White v. Keely*, 814 F.3d 883, 885 n.2 (7th Cir. 2016), as well as "proceedings in other courts related to the matter presently before it." *Coexist Found., Inc. v. Fehrenbacher*, No. 11 CV 6279, 2016 WL 4091623, at *3 n.1 (N.D. Ill. Aug. 2, 2016) (COLEMAN, J). To the extent that judicially-noticed facts contradict the allegations in the complaint, the court will not accept the allegations. *Purnell v. McCarthy*, No. 14 CV 2530, 2017 WL 478301 at *1 (N.D. Ill. Feb. 6, 2017) (PALLMEYER, J).

In this case, the factual allegations contained in Plaintiff's Complaint are clearly inconsistent with the factual basis which served as the basis of his conviction. Indeed, a factual basis is necessary for a guilty plea to be accepted. *See* Ill. S. Ct. R. 402(c); *People v. Barker*, 83 Ill.2d 319, 329 (1980). In Plaintiff's case, the assistant state's attorney provided, and through counsel, Plaintiff stipulated to the following facts:

> Judge, if called to testify under oath at trial, Evanston Police Officer Carter, then star 130, would testify that on June 6, 2018 in the evening hours he was working and employed by the Evanston Police Department. And he and his partner had received information from a confidential informant concerning…the defendant, being specifically named by the confidential informant, information that the defendant was in possession of a handgun with an extended magazine standing by a white Lexus at the rear of 2024 Wesley Avenue, Evanston, Illinois, Cook County.
>
> That the officers immediately relocated to that location and observed the defendant, whom they would identify in open court, standing by a vehicle, that vehicle being the same make and model and type as described by the confidential informant.
>
> The officer would further testify he has had prior interactions with this defendant and knew him by name. That when they arrived on scene, that the officer observed the defendant place an object into the vehicle through an open front passenger window. That when officers approached, the defendant began to block that window and appeared very nervous. As officers spoke with the defendant, the defendant started to indicate that he was going to die and called, using his cell phone, 911.
>
> The officers then tried verbally to get the defendant to move away from the open window and then tried to physically move him. And as the officers tried to diffuse the situation, they had concern because the defendant kept stating that he was going to die, and that the defendant would not move away from the window.
>
> Officers then tried to place handcuffs on the defendant. The defendant stiffened up his body and tried to keep his arms straight. Officer Carter numerous times told this defendant that he was going to be tased. The defendant did ultimately get his hands free at which point the officers deployed their taser and tased the defendant who fell and hit his mouth on a concrete parking barrier and appeared to be injured. Officers did recover from that car in the front passenger side a loaded .9 millimeter handgun, as well as some cannabis. An ambulance was called for the defendant for his injuries.
>
> Further the evidence would show that the defendant has a prior felony conviction for possession of a controlled substance with intent to deliver within one thousand feet of a school under case number 97 CR 1977001. And further…one of the defendant's priors includes a Class 3 under case number 16 C2 20487, which makes the current case extendable as that was within the last ten years. So stipulated?

Dkt. 24-2, pgs. 7-9. These facts are wholly inconsistent with those in Plaintiff's Complaint. Plaintiff's Complaint, unlike the facts that formed the basis of his plea agreement, alleges he was unarmed, Dkt. 93 ¶ 15; that no one called the police, Dkt. 93 ¶17; that Defendants lifted Plaintiff by his legs and drove him face down into the concrete parking barrier, Dkt. 93 ¶ 21; and that his

5

hands were cuffed behind his back, Dkt. 93, ¶ 22.  Moreover, in order to sustain his claim of excessive force, the facts agreed to in Plaintiff's plea agreement would have to show the use of force to detain Plaintiff "was objectively excessive from the perspective of a reasonable officer on the scene under the totality of the circumstances."  *Horton v. Pobjecky*, 883 F.3d 941, 949 (7th Cir. 2018).

Plaintiff's Complaint conveniently leaves out the fact he refused to move away from his vehicle and that he physically resisted being handcuffed.  According to the facts forming the basis of his plea agreement, Plaintiff's failure to yield to the officers' show of authority and physical force led to him being tased, *see California v. Hodari D*., 499 U.S. 621, 626 (1991) ("An arrest requires *either* physical force…*or*, where that is absent, *submission* to the assertion of authority.")(emphasis original), and he had at least one hand free when the taser was deployed. On these facts, a reasonable officer under the circumstances—responding to information about Plaintiff being in possession of a gun; Plaintiff seen placing something in a vehicle; Plaintiff's refusal to move away from the vehicle; Defendant Carter's several warnings and Plaintiff's physical resistance—Defendants' actions were reasonable.  *See Kingsley v. Hendrickson*, 576 U.S. 389, 397 (2015) (outlining several factors to determine reasonableness, including "the relationship between the need for the use of force and the amount of force used; the extent of the plaintiff's injury; any effort made by the officer to temper or to limit the amount of force; the severity of the security problem at issue; the threat reasonably perceived by the officer; and whether the plaintiff was actively resisting.").

Plaintiff is judicially estopped from alleging any facts in contradiction with those that serve as the basis of his guilty plea.  The factual basis of Plaintiff's plea agreement is wholly inconsistent with the allegations contained in Plaintiff's Complaint.  The Circuit Court of Cook

County accepted Plaintiff's guilty plea in exchange for favorable terms; rather than face trial on multiple counts of armed habitual criminal, a class X felony, Plaintiff pleaded guilty to the lower offense based on the facts outlined by the assistant state's attorney. To allow Plaintiff to proceed on a different set off acts to obtain money damages would provide him with an unfair advantage. *Wells*, 707 F.3d at 760. Consequently, all three factors for judicial estoppel are met and Count I must be dismissed.

### b. Defendants are entitled to qualified immunity.

Bound by the conclusion that Plaintiff attempted to elude arrest supported by the factual basis of his plea agreement, Plaintiff fails to show it is clearly established that Defendants cannot use a taser to effectuate Plaintiff's arrest. Even if the factual basis of Plaintiff's plea gave rise to the inference that excessive force was used, Plaintiff "must further establish that it was objectively unreasonable for the officer to believe that the force was lawful—i.e., they must demonstrate that the right to be free from the particular use of force under the relevant circumstances was 'clearly established.'" *Abbott v. Sangamon County, Ill*, 705 F.3d 706, 725 (7th Cir. 2013). Indeed courts have generally held that the use of a taser against an actively resisting suspect either does not violate clearly established law or is constitutionally reasonable. *Id*. at 727 (collecting cases). The factual basis of Plaintiff's plea agreement shows he was actively resisting arrest, and as argued above, the conduct of Defendants was reasonable according to the factual basis of Plaintiff's plea agreement. Accordingly, Defendants would be entitled to qualified immunity with respect to Count I and it should be dismissed.

## II. COUNT II SHOULD BE DISMISSED BECAUSE IT IS BARRED BY THE HECK DOCTRINE.

As this court noted in its ruling denying Defendants' Motion to dismissed nearly two years ago, "[t]he Supreme Court's decision in *Heck v. Humphrey*, 512 U.S. 477 (1994), bars actions for

damages where a 'judgment in favor of the [prisoner] would necessarily imply the invalidity of his…sentence' or conviction." Dkt. 31.  Here, Plaintiff alleges he was arrested without probable cause and as a result lost his liberty in violation of the Fourth Amendment.  Dkt. 93, ¶¶ 39-41.  These allegations—as threadbare as they are—implicate the invalidity of his conviction.  As discussed *supra*, the facts forming the basis of Plaintiff's guilty plea are inconsistent with the facts contained in Plaintiff's Complaint.

This case is factually similar to *Purnell*.  In that case, Plaintiff alleged in his complaint that he was at a birthday party, smoking a cigarette and talking on his cell phone when Chicago Police Officers approached him and shot him.  *Purnell v. McCarthy*, No. 14 CV 2530, 2017 WL 478301 at *2 (N.D. Ill. Feb. 6, 2017) (PALLMEYER, J).  However, the stipulated facts of plaintiff's plea agreement indicated that he knowingly possessed on his person a .45 caliber handgun after previously being convicted of a felony offense; that officers discovered him with the weapon; that he refused to drop the weapon; and that he pointed it at the officers.  *Id*.  The court, in dismissing plaintiff's complaint, held "any allegation that he had no gun when he was arrested is a non-starter."  *Id*. at *3.  The court specified that "[p]laintiff's admissions at his plea agreement demonstrate that Defendants had probable cause to arrest him.  Plaintiff's false arrest claim is irreconcilable with his criminal convictions."  *Id*. at *4.

In this case, like the plaintiff in *Purnell*, Plaintiff alleges he was unarmed, Dkt. 93, ¶ 15, yet pleaded guilty to being a felon in possession of a weapon in violation of 720 ILCS 5/24-1.6(a).  According to the factual basis of Plaintiff's plea agreement, a confidential informant specifically named Plaintiff, identified his vehicle, and identified the gun Plaintiff was found to have in his possession.  Dkt. 24-1, pgs. 7-9.  Furthermore, Plaintiff was a two time felon at the time of his arrest.  Clearly, Defendants had probable cause to approach, much less arrest Plaintiff

8

on June 6, 2018. To hold otherwise cannot be squared with his conviction. Accordingly, like the court in *Purnell*, this court should dismiss Count II as barred by the *Heck* doctrine.

**III. COUNTS III AND IV SHOULD BE DISMISSED FOR FAILURE TO ALLEGE SUFFICIENT FACTS TO MAKE A PLAUSIBLE CLAIM.**

In order to establish liability under § 1985(3), plaintiffs much allege sufficient facts showing "(1) a conspiracy; (2) a purpose of depriving, either directly or indirectly any person or class of persons of the equal protection of the laws, or of equal privileges an (sic) immunities under the laws; (3) an act in furtherance of the conspiracy; and (4) an injury to the person property or a deprivation of any right or privilege of a citizen of the United States." *Chicago Miracle Temple Church, Inc. v. Fox*, 901 F.Supp.1333, 1347 (N.D. Ill. 1995) (CASTILLO, J) (citing *United Brotherhood of Carpenters & Joiners of America v. Scott*, 463 U.S. 825, 828-29 (1983)). With respect to the first element, Plaintiff must plead sufficient facts showing "(1) an express or implied agreement among defendants to deprive plaintiff of his or her constitutional rights and (2) actual deprivations of those rights in the form of overt acts in furtherance of the agreement." *Id*.

Here, the only allegations contained in Plaintiff's Complaint in support of a claim for conspiracy are the conclusory allegations contained in Paragraphs 43 and 44. Dkt. 93 ¶¶ 43, 44. None of the preceding paragraphs referenced in Paragraph 43 implicate *any* agreement between Defendants Carter and Geyer, either express or implied. Moreover, since there are no facts evincing an agreement, the actions alleged cannot be in furtherance of the agreement. Accordingly, Count III must be dismissed.

Similarly, Plaintiff fails to allege sufficient facts to sustain a claim for deliberate indifference to medical care. To sustain a claim of deliberate indifference to medical needs, Plaintiff must allege that he "suffered from an objectively serious medical condition, and that a state official subjectively disregarded the risk to his health." *Greene v. Pollard*, No. 07-3041, 335

9

Fed. Appx. 612, 614 (7th Cir. 2009). "The [public] official must be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must draw that inference." *Id*. (citing *Farmer v. Brennan*, 511 U.S. 825, 837 (1994)). While there is "no settled precise metric to assess when a plaintiff's need is sufficiently serious…our standard contemplates a condition that has been diagnosed by a doctor as mandating treatment or one that is so obvious that even a lay person would easily recognize the need for a doctor's attention." *Id*. (citing *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 1997); *Gutierrez v. Peters*, 111 F.3d 1364, 1374 (7th Cir. 1997)). Furthermore, "[i]f either the objective or subjective portion is not satisfied, plaintiffs cannot make out an Eighth Amendment claim." *Lunsford v. Bennett*, 17 F.3d 1574, 1579 (7th Cir. 1994). Furthermore, Defendants can rely on the expertise of medical professionals regarding the treatment Plaintiff received; Defendants are only obligated to get him medical treatment. *See Arnett v. Webster*, 658 F.3d 742, 755 (7th Cir. 2011)("Non-medical defendants…can rely on the expertise of medical personnel.").

Plaintiff's Complaint identifies a sufficiently serious medical need—he alleges he shattered his front teeth and punctured his lip. Dkt. 93, ¶ 22. This would normally be sufficient to infer medical treatment was necessary. However, the factual allegations contained in Plaintiff's Complaint do not give rise to an inference that Defendants disregarded the risk of Plaintiff's health. Indeed, Plaintiff was fitted with a spit mask to control bleeding and was transported to Northshore Evanston Hospital. Dkt. 93, ¶¶ 25, 28. While Plaintiff nonsensically alleges he was transferred to the Evanston Police Station with open wounds where he sat for two days AFTER leaving Evanston Hospital, such allegations can only be reasonably read to infer medical professionals did not deem Plaintiff's injuries to be sufficiently serious to treat them.

Defendants—police officers—are allowed to rely on the expertise of medical personnel[2]. *Arnett*, 658 F.3d at 755. Plaintiff's allegations support the conclusion that Defendants were not deliberately indifferent to Plaintiff's medical needs. Accordingly, Count IV should be dismissed.

**IV. THIS COURT SHOULD DECLINE TO EXERCISE SUPPLEMENTAL JURISDICTION OVER COUNTS V AND VI, OR ALTERNATIVELY, DISMISS THOSE CLAIMS PURSUANT TO THE TORT IMMUNITY ACT.**

This court may exercise supplemental jurisdiction over state law claims pursuant to 28 U.S.C. § 1367, provided there are claims over which the court has original jurisdiction. However, pursuant to § 1367(c) a federal district court may decline to exercise supplemental jurisdiction over state claims if:

(1) The claim raises a novel or complex issue of State law;

(2) The claim substantially predominates over the claim or claims over which the district court has original jurisdiction;

(3) The district court has dismissed all claims over which it has original jurisdiction; or

(4) In exceptional circumstances, where there are other compelling reasons for declining jurisdiction.

*Roe v. City of Milwaukee*, 26 F.Supp.2d 1119, 1123 (E.D. Wis. 1998)(GORDON, J) (citing 26 U.S.C. § 1367(c)). As argued above, Plaintiff fails to state a claim on each of the claims involving a federal question; accordingly, this court should decline to exercise jurisdiction over Plaintiff's state law claim pursuant to § 1367(c)(3).

---

[2] Incidentally, Plaintiff alleges he was shackled to a gurney, Dkt. 93, ¶ 26, implicating paramedics were on the scene as well. Thus, not only was Plaintiff transported to Evanston Hospital, it can be reasonably inferred he was transported there by ambulance, wherein he likely was evaluated by paramedics prior to transfer in addition to medical personnel on arrival to Evanston Hospital.

11

Even if this Court chooses to exercise its supplemental jurisdiction, the Defendants are entitled to immunity under the Tort Immunity Act with respect to Plaintiff's state law claims. The City is a "local public entity" under the Tort Immunity Act. 745 ILCS 10/1-206. Furthermore, the City cannot be liable for any injury resulting from an act or omission of its employee if the employee is not liable. 745 ILCS 10/2-109. Defendants Carter and Geyer are immune for their acts in the execution or enforcement of the law unless their acts or omissions constitute willful or wanton conduct. 745 ILCS 10/2-202. When the defendant is a public entity, the more stringent definition of willful and wanton conduct contained in Section 1-210 of the Tort Immunity Act applies, as opposed to the less stringent common law definition. *Tagliere v. Western Springs Park District*, 408 Ill. App. 3d 235, 243 (1st Dist. 2011). Section 1-210 of the Tort Immunity Act states as follows:

> "Willful and wanton conduct" as used in this Act means a course of action which shows an *actual or deliberate intention to cause harm* or which, if not intentional, *shows an utter indifference to or conscious disregard* for the safety of others or their property. This definition shall apply in any case where a "willful and wanton" exception is incorporated into any immunity under this Act.

745 ILCS 10/1-210 (emphasis added). While Plaintiff's Complaint may plausibly allege Defendants Carter and Geyer's actions constitute willful and wanton conduct, as argued above, the facts alleged in Plaintiff's Complaint—insofar as the execution and enforcement of the law—are inconsistent with Plaintiff's plea agreement. The facts which Plaintiff cannot escape absent his conviction being overturned, do not indicate Defendants acted with actual or deliberate intent to cause Plaintiff harm, nor do they show an utter indifference to or conscious disregard for the safety of Plaintiff. Plaintiff's claims of battery and intentional infliction of emotional distress insofar as they relate to his arrest are barred by the Tort Immunity Act; consequently, those claims must be dismissed.

## **CONCLUSION**

Defendants, KENNETH CARTER, MIKHAIL GEYER and the CITY OF EVANSTON, for all of the foregoing reasons, respectfully requests this Honorable Court grant Defendants' Motion to Dismiss pursuant to Federal Rules of Civil Procedure 12(b)(6) and any other relief this Court deems appropriate.

Respectfully submitted,

NICHOLAS E. CUMMINGS
Corporation Counsel

*/s/ Alexandra Ruggie*
Alexandra Ruggie
Assistant City Attorney
City of Evanston Law Department
Morton Civic Center
2100 Ridge Ave
Evanston, IL 60201
(847) 866 - 2937
aruggie@cityofevanston.org
