# ]THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| Ronald Eric Louden, Jr., ) | |
| ) | Case No 18-cv-5242 |
| Plaintiff, ) | |
| ) | Judge Jorge L. Alonso |
| vs. ) | |
| ) | |
| Officer Kenneth Carter, Officer Mikhail Geyer ) | |
| and the City of Evanston, ) | |
| ) | |
| Defendants. ) | |

## Memorandum Opinion and Order

Plaintiff Ronald Louden, Jr. filed a motion for sanctions arguing that the Court should sanction Defendants for providing false information in a police report related to Louden's arrest in June of 2018 and his subsequent criminal conviction. For the reasons below, the Court denies Louden's motion for sanctions [103] [104].

## Background

Louden filed this case alleging several federal and state-law claims stemming from Defendants Carter and Mikhail's arrest of Louden on June 6, 2018. The Court assumes familiarity with those allegations. Louden filed a motion for Rule 11 sanctions arguing that Defendants made material misrepresentations in their responsive pleadings and responses to discovery requests that conflict with statements made in police reports. More specifically, Louden takes issue with Defendants' pending motion to dismiss [94] and arguments made therein premised on statements in police reports that, on the night of the arrest, Defendants went to Louden's location based on information received from a confidential source. In essence, Louden asserts that Defendants lied about receiving such information because they "did not have any direct communication with a confidential informant on the date of Plaintiff's arrest." [103 at ¶4]. Defendants disagree with this characterization. Defendants acknowledge they did not receive information directly from a confidential source; rather they received this information indirectly from another officer who communicated with a confidential source. Defendants further argue that Louden's motion is merely an attempt to collaterally attack his criminal conviction and circumvent certain privileges asserted during discovery.

## Discussion

Rule 11(b) requires an attorney to certify, for every pleading, that "the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery" and that any pleading the

attorney presents is not being presented for any improper purpose—such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation. Fed. R. Civ. P. 11(b); *see also Jimenez v. Madison Area Tech. College*, 321 F.3d 652, 656 (7th Cir. 2003). Although Rule 11(b) applies only to representations made to the court by an "attorney or unrepresented party," Rule 11(c)(1) provides that sanctions may be imposed not only against an attorney but also against the "party" she represents, if the party is "responsible for the violation." Fed. R. Civ. P. 11(c). "The central goal of Rule 11 is to deter abusive litigation practices." *Corley v. Rosewood Care Ctr., Inc. of Peoria*, 388 F.3d 990, 1013 (7th Cir. 2004).

"The decision to impose sanctions is left to the discretion of the trial court in light of the available evidence," and "[t]he application of Rule 11 to the facts and circumstances of a particular case is an exercise of the trial court's discretion, which [is] reviewed for abuse of discretion." *Divane v. Krull Elec. Co., Inc.*, 200 F.3d 1020, 1025, 1028 (7th Cir. 1999). To win a motion for sanctions, the movant must satisfy the "high burden of showing that Rule 11 sanctions are warranted." *Lundeen v. Minemyer*, Case No. 09-cv-3820, 2010 WL 5418896, at *3 (N.D. Ill. Dec. 17, 2010) (citing *Fed. Deposit Ins. Corp. v. Tekfen Const. & Installation Co., Inc.*, 847 F.2d 440, 444 (7th Cir. 1988))). Rule 11 "imposes an objective standard of reasonable inquiry which does not mandate a finding of bad faith." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 47 (1991); *Cuna Mut. Ins. Soc. v. Office & Prof'l Emps. Int'l Union, Local 39*, 443 F.3d 556, 560 (7th Cir. 2006) ("The Court must 'undertake an objective inquiry into whether the party or his counsel should have known that his position is groundless'") (quotation omitted). Even if a court rules that a party is "wrong on the law," sanctions against that party do not flow automatically. *Harlyn Sales Corp. Profit Sharing Plan v. Kemper Fin. Servs., Inc.*, 9 F.3d 1263, 1269 (7th Cir. 1993).

In this case, the Court concludes that Louden has not met the required showing to impose sanctions. Louden argues that Defendants lied about receiving information from a confidential source that led them to arrest Louden. But Defendants have not conceded this, nor has plaintiff proven it. Defendants plausibly respond that they received this information from a confidential informant—just indirectly through another officer. If this proves to be true, then there is no basis for any Rule 11 sanctions. The fact that Louden had not even deposed Defendants when he filed his motion for sanctions to test his theory against the crucible of cross examination makes the motion for sanctions even more meritless. Louden has simply not shown that defendants made—and defense counsel relied on—statements that were actually false.

## Conclusion

Plaintiff's motion for sanctions [103] [104] is denied.

SO ORDERED.                                         ENTERED: December 13, 2021

**HON. JORGE ALONSO**
**United States District Judge**